# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NICHOLAS PATON,<br>    Appellant, | DOCKET NUMBER<br>CH-1221-18-0200-W-1 |
|   v. | |
| DEPARTMENT OF JUSTICE,<br>    Agency. | DATE: July 24, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Katherine Meng</u> and <u>Katherine Stewart</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member\*

\*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the factors set forth under *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we AFFIRM the initial decision.

## BACKGROUND

Effective May 25, 2014, the appellant received an appointment, which was not to exceed September 20, 2017, to the excepted service position of a Criminal Investigator (Special Agent) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) in Louisville, Kentucky. Initial Appeal File (IAF), Tab 7 at 93, Tab 35 at 4. By letter dated September 20, 2017, the Special Agent-in-Charge (SAC) of the Louisville office notified the appellant that the agency would not convert him to a career position. IAF, Tab 7 at 33-34.

The appellant filed a complaint with the Office of Special Counsel (OSC). IAF, Tab 1 at 12-25. He alleged that he disclosed to ATF Louisville Division Counsel in April 2017 that he had refused to follow his supervisor's order to surveil and seize the firearm of subject H. *Id.* at 19, 25. The appellant further alleged that he disclosed to the Division Counsel in June 2017 that his supervisor seized a firearm of subject J even after he informed his supervisor that he

believed that subject J was lawfully allowed to possess the firearm. *Id.* at 19-20. The appellant claimed that, in reprisal for his whistleblowing disclosures, the agency did not convert him to a career position in September 2017. *Id.* at 21. On November 30, 2017, OSC informed the appellant that it was terminating its inquiry into his claims and that he had a right to seek corrective action with the Board. *Id.* at 9-10.

The appellant filed an IRA appeal with the Board. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision in which she denied the appellant's request for corrective action. IAF, Tab 39, Hearing Compact Disc, Tab 43, Initial Decision (ID). In her initial decision, the administrative judge reiterated her findings from a prehearing order that the appellant failed to nonfrivolously allege that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D) when he refused to follow his supervisor's order to surveil subject H in early 2017, or that he made a protected disclosure of a violation of law, rule, or regulation under 5 U.S.C. § 2302(b)(8) when he reported that he was ordered to surveil subject H in April 2017 (the order he did not carry out). ID at 11, 13-14; IAF, Tab 26 at 2-5. The administrative judge found, however, that the appellant nonfrivolously alleged that he made a protected disclosure of a violation of law, rule, or regulation under 5 U.S.C. § 2302(b)(8) when he reported his supervisor's decision to seize subject J's gun in June 2017. ID at 15-16; IAF, Tab 26 at 4-5.

On the merits, the administrative judge determined that the appellant established a prima facie case of whistleblower reprisal. ID at 17-20. Specifically, the administrative judge found that the appellant proved by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) because he reasonably believed his supervisor's decision to seize subject J's firearm constituted a violation of law, rule, or regulation. ID at 17-18. The administrative judge further found that the appellant's protected disclosure was a contributing factor in the agency's decision not to convert him to a career

position.  ID at 18-20.  She concluded, however, that the agency proved by clear and convincing evidence that it would not have converted the appellant to a career position even absent his protected disclosure.  ID at 20-29.

The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  He argues that the administrative judge erred in finding that the agency met its clear and convincing evidence burden.[2]  *Id.*  The agency has responded in opposition to the petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Once he establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim at which he must prove a prima facie case, i.e., that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against him, by preponderant evidence.  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  If the appellant makes out a prima facie case, the agency is given an opportunity to demonstrate, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity.  5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

The parties do not challenge, and we discern no reason to disturb, the administrative judge's finding that, after establishing jurisdiction, the appellant

---

[2] The appellant does not challenge the administrative judge's findings regarding the April 2017 activity and disclosure.

made a prima facie case of whistleblower retaliation. ID at 15-20. The issue before us is whether the agency has proven, by clear and convincing evidence, that it would have taken the same action in the absence of the June 2017 protected disclosure. In determining whether an agency has met this burden, the Board generally considers the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 14 (2015). Our reviewing court has made clear that evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

As noted, the administrative judge found that the agency proved by clear and convincing evidence that it would not have converted the appellant to a career position even in the absence of his protected disclosure. ID at 20-29. On review, the appellant challenges the administrative judge's findings on each *Carr* factor. PFR File, Tab 1 at 8-21. He alleges that the agency's evidence in support of its non-conversion decision was not strong, that the agency officials involved in the decision had a motive to retaliate against him, and that the absence of evidence concerning *Carr* factor 3 weighs against the agency. *Id*.

Regarding *Carr* factor 1, the administrative judge found that the agency had very strong evidence in support of its decision not to convert the appellant to a career position. ID at 21-25. We agree. As the administrative judge noted, the

SAC considered that the appellant had been suspended for 3 days for failure to follow instructions (as to disposal of narcotics evidence); he was the subject of a number of complaints from the U.S. Attorney's office (due to his failure to timely provide case materials); he had multiple issues related to his judgment and behavior that were reported by his on-the-job training (OJT) instructors and his supervisor in his Quarterly Suitability Standards Evaluations and in other record evidence; he violated ATF procedures in a June 2017 vehicle recovery operation; and he engaged in unprofessional behavior when he requested a motorcycle for use in an undercover capacity from an Acting Special Agent-in-Charge to circumvent his supervisor. ID at 21-25; IAF, Tab 7 at 28-30, 48-50, 54-56, 60-68, 84-87, Tab 22 at 37-38, 47, Hearing Transcript (HT) at 196-98 (testimony of SAC). The SAC testified that, based on these incidents and the concerns of the appellant's OJT instructors and his supervisor, he did not feel comfortable having the appellant operate as an independent Criminal Investigator (Special Agent). HT at 160 (testimony of SAC).

The appellant argues the administrative judge did not consider that the SAC approved his promotion to grade 12 in May 2017 (at which time he was aware of the appellant's performance deficiencies in his monthly progress reports) and that his supervisor recommended to the SAC that he be "retained as a Special Agent." PFR File, Tab 1 at 8-11. He further argues that his status as a "fully successful performer" undermines the SAC's credibility regarding the deficiencies that were cited in support of the non-conversion action. *Id.* According to the appellant, his rating as "acceptable" in teamwork in the Quarterly Suitability Standards Evaluations contradicts the SAC's statement in his declaration that the appellant was not a "team player." *Id.* at 11.

Contrary to the appellant's allegations, the administrative judge considered this information in the initial decision. ID at 21-25. The administrative judge credited the SAC's declaration under penalty of perjury that the appellant demonstrated technical competence but that he also challenged or disregarded

ATF policies, procedures, and enforcement priorities, was unresponsive and insubordinate to senior Special Agents, and disrespected the chain of command. ID at 21-25; IAF, Tab 7 at 28. The administrative judge also credited the SAC's testimony that it is typical for a trainee's supervisor to prepare for his review and signature an unsigned memorandum with the recommendation that a trainee be retained as a Special Agent. ID at 25; HT at 124-27 (testimony of SAC). The SAC testified that he did not sign this memorandum, and the appellant acknowledged that he never received a signed copy. HT at 83-84 (testimony of the appellant), 142, 192 (testimony of SAC). The administrative judge noted the SAC testified that the appellant's OJT instructors had a habit of underreporting the frequency and severity of the appellant's noncompliance. ID at 23; HT at 148-49 (testimony of SAC). The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not set forth sufficiently sound reasons for disturbing the administrative judge's decision to credit the SAC's testimony.

Regarding *Carr* factor 2, the administrative judge found that there was little evidence of retaliatory motive on the part of the agency officials who were involved with the non-conversion decision. ID at 26. On review, the appellant argues that his supervisor had a motive to retaliate against him because he disclosed the purportedly unlawful seizure of subject J's firearm. PFR File, Tab 1 at 18. He indicates that, based on court documents and conversations with attorneys and a probation and parole supervisor, he determined that subject J had completed a diversion program that expunged his felony conviction and permitted him to possess a firearm. *Id.* at 17. The SAC testified that the appellant's supervisor acted consistently with agency policy and that he did not improperly

seize subject J's firearm. HT at 208 (testimony of SAC). As the administrative judge noted, however, the record is unclear as to whether subject J had completed the diversion program at the time that his firearm was seized; it does not contain the date subject J completed the diversion program or the basis for the agency's determination that he satisfied the requirements for such a program under Kentucky law. ID at 27. Nonetheless, we agree with the administrative judge that there is no basis upon which to find that ATF policy prior to the legal guidance issued by Division Counsel was unlawful or that his supervisor unlawfully applied it in the case of subject J. ID at 28. These facts support a finding that there was not a significant motivation to retaliate against the appellant for his disclosure.

To the extent the appellant is alleging that his supervisor had some motive to retaliate against him because he was named in the appellant's disclosure, the administrative judge noted that, although critical accusations can be evidence of retaliatory motive, the appellant did not show that he complained about egregious misconduct by his supervisor but merely that he had not persuaded his supervisor that the individual with the felony conviction had it expunged through completion of the diversion program. ID at 27. The administrative judge also noted there was no indication in the record that his supervisor was criticized by management for his role in seizing subject J's firearm. ID at 27-28; HT at 181 (testimony of SAC). Nevertheless, we recognize that the appellant's criticisms of his supervisor reflected on both his supervisor and the SAC in their capacities as managers and employees, which is sufficient to establish some retaliatory motive. *See Whitmore*, 680 F.3d at 1370-71 (stating that the appellant's criticisms cast the agency, and by implication all of the responsible officials, in a highly critical light by calling into question the propriety and honesty of their official conduct); *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 23 (2010) (finding that comments generally critical of the agency's leadership would reflect poorly on officials responsible for monitoring the performance of the field staff and

making sure that agency regulations are carried out correctly and consistently). To the extent that the administrative judge failed to consider the degree to which such criticism could create a retaliatory motive, we modify the initial decision, but still agree with the administrative judge that any retaliatory motive was not strong. ID at 28.

Additionally, the appellant argues that retaliatory motive can be inferred from the SAC's articulated reasons not to convert him to a career position because the majority of the incidents on which the decision was based occurred prior to his June 2017 disclosure but were not a concern until after the fact. PFR File, Tab 1 at 15-19. By the appellant's own admission, however, the SAC informed him that he made the decision not to convert him because he had seen a pattern of behavior in which he sought "a second opinion when told to do something by a supervisor." HT at 43 (testimony of the appellant); IAF, Tab 23 at 11. The administrative judge construed this comment to refer to the appellant's efforts to overturn his supervisor's decision on his request to use a motorcycle (rather than his disclosure to the Division Counsel to whom Special Agents are expected to raise questions about whether an individual is permitted to possess a firearm). ID at 26-27. In so finding, the administrative judge credited the SAC's testimony that the appellant's situation was "not a unique matter" and that other agents were also trying to interpret the proper protocol for firearm retrieval cases. ID at 27; HT at 214 (testimony of SAC). As the administrative judge noted, the appellant acknowledged that the SAC was receptive to his concerns regarding his supervisor's decision to seize subject J's firearm and even suggested that guidance be issued to assist employees with dismissal and diversion in firearm retrieval cases. ID at 27-28; HT at 109-110 (testimony of SAC). Again, this supports a finding that there was not a significant motive to retaliate.

Regarding *Carr* factor 3, the administrative judge found that the record is devoid of evidence that the agency took similar actions against employees who

are not whistleblowers but otherwise similarly situated to the appellant.[3] ID at 28. Thus, she deemed this factor to be neutral. *Id.*

Our reviewing court has held that "the absence of any evidence relating to *Carr* factor 3 can effectively remove that factor from the analysis," but that the failure to produce evidence "may be at the agency's peril," and may cause the agency to fail to meet its clear and convincing burden. *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016). Stated differently, because it is the agency that has the burden of proof, when an agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *See Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Our reviewing court has also held that, in some circumstances, an agency's failure to present evidence regarding how similarly situated non-whistleblowers are treated "tends to cut slightly against the Government." *Miller*, 842 F.3d at 1262. Even if we were to find that *Carr* factor 3 cuts slightly against the agency, based on the strength of the agency evidence in support of *Carr* factor 1, we would still find that the agency met its clear and convincing burden. Therefore, we modify the initial decision to include this analysis.

After carefully considering the *Carr* factors, we conclude that the strength of the agency's evidence supporting not converting the appellant to a career position outweighs the other two factors. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶¶ 64-67 (2011) (finding that the strength of the agency's evidence supporting its personnel action outweighed the other *Carr* factors), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). As discussed

---

[3] In challenging the administrative judge's finding regarding *Carr* factor 3, the appellant alleges on review that the agency did not discipline two Special Agents who, according to the appellant, were involved in an undercover operation in June 2017 without preparing the requisite operational plan. PFR File, Tab 1 at 19-20. The appellant does not, however, allege that these individuals were serving temporary appointments at the time of the purported incident. Thus, the appellant and the two Special Agents were not similarly situated and therefore the appellant's contention does not demonstrate error in the administrative judge's *Carr* factor 3 analysis.

above, the agency decided not to convert the appellant to a career position based on the concerns of his supervisor and OJT instructors, his prior discipline, and additional matters that raised concerns about his judgment during his temporary appointment. Because the agency has shown by clear and convincing evidence that it would not have converted the appellant in the absence of his protected disclosure, we agree with the administrative judge that corrective action is not warranted in this case.

Accordingly, we affirm the initial decision, as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.